```
                                                    JUDICIAL PANEL ON
                                                   MULTIDISTRICT LITIGATION
                                                          FILED
                          DOCKET NO. 672
                                                         FEB 24 1986
             BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
                                                       PATRICIA D. HOWARD
IN RE HIJACKING OF TRANS WORLD AIRWAYS AIRCRAFT ON JUNE 14, 1985   CLERK OF THE PANEL
```

## TRANSFER ORDER*

This litigation presently consists of seven actions pending in four federal districts two actions each in the Southern District of New York, the Northern District of Illinois and the Eastern District of Pennsylvania, and one action in the District of Massachusetts Before the Panel is a motion by Trans World Airlines, Inc. (TWA), a defendant in all seven actions, to centralize the actions in this litigation, pursuant to 28 U.S.C. §1407, in th District of Massachusetts for coordinated or consolidated pretrial proceedings.1/ Plaintiffs in the Massachusetts action support the motion. Plaintiffs in the two New Yor actions and plaintiffs in the two Pennsylvania actions support transfer, but these plaintiffs favor the Southern District of New York as the transferee forum. Plaintiffs in the two Illinois actions oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions arise from the hijacking of a TWA flight enroute from Athens to Rome, and all actions share questions of fact relating to TWA's alleged liability for damages as a result of the hijacking. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the District of Massachusetts is the appropriate transferee forum for this litigation. We note that 1) TWA, the common defendant in these actions, favors the Massachusetts forum; 2) Boston was the scheduled terminus point for the ill-fated TWA flight; and 3) Judge A. David Mazzone, to whom the actions are being assigned, has already denied the Massachusetts plaintiffs' motion for class certification and has thereby gained some familiarity with the issues and parties in the litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the District of Massachusetts be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable A. David Mazzone for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey* (signature)

Andrew A. Caffrey
Chairman

---

\* Judge Fred Daugherty took no part in the decision of this matter.

1/ The second Pennsylvania action listed on the attached Schedule A was not included in TWA's Section 1407 motion, but this action is included in the matter before us because al parties to the action have stated in writing their respective positions on the matter and have appeared at the hearing.

Schedule A

MDL-672 -- In re Hijacking of Trans World Airways Aircraft on June 14, 1985

### Northern District of Illinois

William J. Darras, et al. v. Trans World Airlines, Inc., et al., C.A. No. 85-C-8453
Peter W. Hill v. Trans World Airlines, Inc., C.A. No. 85-C-8798

### Southern District of New York

Richard P. Herzberg, et al. v. Trans World Airlines, Inc., C.A. No. 85-Civ-6653
Francis Walsh, et al. v. Trans World Airlines, Inc., C.A. No. 85-Civ-7409

### Eastern District of Pennsylvania

Genevieve Doris v. Trans World Airlines, Inc., C.A. No. 85-5118
Martha Doris v. Trans World Airlines, Inc., C.A. No. 85-6444

### District of Massachusetts

Stuart Darsch, et al. v. Trans World Airlines, Inc., C.A. No. 85-3234